Thank you. Good morning, Your Honors, and may it please the Court. Patrick Bryan on behalf of Louis Brown this morning. The District Court in this case abused its discretion by failing to recharacterize Mr. Brown's pro se pleading, which although styled as a 3582 motion, in substance also presented a claim of ineffective assistance of counsel, a paradigmatic 2255 claim. The pro se pleading adequately presented that claim by mentioning explicitly counsel's ineffectiveness and complained that he was sentenced as a career offender, which is exactly the error that counsel made. And then the reasons that the District Court gave for denying the motion had nothing to do with the substance of that claim or even a characterization or a disagreement of whether that was a sufficient mention of the issue to recharacterize it. The reasons that the District Court gave all had more to do with the nature and scope of counsel's appointment than anything having to do with the letter of the pleading. I want to make sure I understand precisely what you're asking us to do. At first it sounded like you were saying the District Court abused its discretion by failing to construe the motion as a 2255 motion. But then it sounded more like you were arguing the District Court abused its discretion just by failing to ever actually consider whether this thing should be properly construed as a 2255. Which exactly is it? It's really both. What I want to be clear about is that if this were a situation where a judge read a pleading and said this doesn't adequately present a 2255 issue, I think that's a different argument and we would have to review the judge's basis for making that determination. But that's not what happened here. The judge didn't even get that far into considering the plain face of the document. The court just said that our counsel was trying to file a 2255 outside the scope of his appointment. Do you want us to remand and say to the District Court, construe this as a 2255 motion? Yes, exactly. Or not remand and say to the District Court, take a look at this and figure out whether it should be construed as a 2255 motion? Well, we would be happy with the latter as an adequate remedy here. But we think that this Court could look at it as this Court has before to say that this pleading, liberally construed as pro se pleading should be, adequately presents a 2255 claim. And this Court traditionally does that in the reverse situation. But the appointment order does say he's appointed, or you all are appointed to representing in connection with his motion under 3582 or whatever. Or 3582 motion. It refers to the 3582, right? That's correct. But you're saying that Bailey's just identifying what the pro se claim has been filed. And when you're the lawyer, you're the lawyer. And you've got to do whatever you need to do. And you think it raises an ineffective counsel claim, which is cognizable under 2255. And that's the way you've got to proceed. Did the government raise the point that you couldn't do this? You couldn't recast it? Who raised this issue that says you all couldn't be lawyers in this case? That you couldn't say what you thought this motion was? I don't recall exactly who mentioned it first, but it was really the District Court driving this. And I want to make clear, what's going on? You're the public defender, right? That's right. It seems to me that a lawyer has to be a lawyer and do the best he can if he's got an indigent client. Well, that's absolutely true. And particularly where this District Court directed us to file something compliant with Anders, which even leaving aside whether Anders actually applies in this situation, but even if we were to file something in accordance with Anders, then it becomes our duty to identify any potential issue that's presented in the case. And then, in addition to that, it becomes the court's duty to review the entire record for any... Well, you've got counsel appointed here, and if you were in 2255, there would have been no obligation to appoint counsel. Well, there would have been if the court decided to hold an evidentiary hearing, when if the court recognized that there was an ineffectiveness claim, that naturally would have followed. And we weren't even necessarily trying to file a 2255. What we were saying is, in response, as part of our appointment for the 3582, Your Honor, you told us to file something in accordance with Anders, and what we're telling you... No, it was filed as a 3582, wasn't it? Well, but courts recharacterize pleadings regardless of their title all the time. Yes, but there's a question, really, of the extent to which we're going to require district courts to be mind readers. Well, I don't think it requires that, Your Honor. I don't understand what advantage a 2255 would gain you, because what you, as I understand it, you are complaining about the career offender designation. That's correct. And that's a guidelines challenge. But in the form of a 2255 ineffective assistance of counsel, that counsel at the resentencing was ineffective for failing to object to the career offender designation. Oh, well, you can't, I mean, this seems like our foot decision has said that guidelines arrows, whereas the guidelines are advisory, are not customizable under 2255. But that's not the claim, Your Honor. Well, I know, but you can't circumvent every bar with an ineffective assistance of counsel claim. I mean, that has just become a complete all-purposes thing. Every procedural default, every bar, you know, we get around it by just putting an IEC in. And that, you know, that tactic, I just think, just erodes the court's precedent in Pelliford. To me, I thought this was, in a sense, much ado about nothing, because I couldn't understand where the 2255 claim was going. You know, it's a guy, we have to understand what's what can be challenged under 2255, and the question is whether this, in essence, is a challenge to a guidelines question, in which case the advisory nature of the guidelines presently just doesn't permit this to be entertained. Well, Your Honor, all I can say is that innumerable courts entertain exactly these kind of challenges, and if defendants, if prisoners could not bring ineffectiveness claims, then many, many trial errors would just be uncorrectable. Ineffective where? At the resentencing, which was a full de novo resentencing pursuant to the original 2255 order. The full de novo resentencing, everybody missed it. Was the resentencing on collateral attack? It was as a remedy for the 2255 relief. The court granted a full de novo resentencing, and an appointed counsel... Was that a collateral attack? The original was, yes. There was nothing to do with... Was the resentencing a collateral proceeding? No, it was a new resentencing as a remedy for the 2255 grant, and so at the 2016 full resentencing, that should have been just like any other direct resentencing. Was that resentencing pursuant to an order on the 2255? Yes. So it was a collateral matter, wasn't it? No, it reset the clock. There wasn't a resentencing as a result of a revand on a direct appeal? Well, no, but it still... So it's collateral. Well, the 2255 was, but when the 2255 was granted, and Mr. Brown was afforded a full de novo resentencing, it had the same effect as a remand on direct appeal because it reset everything back to the status quo ante of... If he had been in the same position after a trial or a guilty plea, and then he goes to a sentencing, and at that proceeding, the judge, the probation officer, the prosecutor, and the defense attorney all missed the fact that the career offender guideline had been revised and did not comply with the one book rule because they applied part of the 2016 manual but not all of it, and Mr. Brown should not have been deemed a career offender, and counsel was ineffective for letting that go and allowing the career offender guideline to drive the sentencing. That counsel was in the public defender's office? No, no, the resentencing counsel was not. That was a CJA appointment that the district court made for the resentencing, and so this is a situation where the ineffectiveness claim was fairly presented, and it's clear enough that any time that pro se pleading says one of the reasons that my lawyer was ineffective, that should set off alarm bells for any district judge, but then particularly where a judge has appointed counsel and told counsel give me anything in the record, because that's what Anders says, give me anything that might support a claim, then he has the advice of counsel to say, your honor, there's also this issue buried in, not even buried in, it's a two or three page document, it's right on the face of it, one of the reasons why counsel was ineffective, says to the court, and so it doesn't require any sort of mind reading to use your honors phrase, and that's especially, I want to call attention to the Castro decision from the Supreme Court, which has to do with recharacterization of other documents as 2255, and the Supreme Court says that pro se prisoners have to be warned and cautioned that if this is going to be characterized as a 2255, that that carries consequences that it could count as their one and only 2255, and so in that situation, the Supreme Court contemplates that conversation between the court and the indigent defendant, the prisoner, to say, is this what you're really trying to raise, and the prisoner is then able to say, yes, in fact, I do want you to treat this as a 2255, that's what should have happened here. The district court should have seen an ineffectiveness claim here and afforded Mr. Brown the Castro warning to say. We're trying to just make life as complicated as possible for district judges, and I just don't understand again, why the 2255 would have been advantageous to you, because I just, you know, once again, we have an IEC claim running around the foot decision, which says the guidelines errors are simply not cognizable under 2255 for all the reasons that the Supreme Court has spelled out at their advisory, and it just seems to me that we're saying, well, the district judge should have known this was a 2255, and this is arguable under 2255, because we've redressed it and artfully completed it as an ineffective assistance of counsel claim, you know, and then on and on, and that even overlooks the fact that you are claiming ineffectiveness on the part of a lawyer for not raising a long shot claim. Well, I don't think it's a long shot at all. I think it's very obvious that he would not be a career offender at this point, and that's why, we're talking about making it more complicated. But that may have been because of a decision rendered after the sentence. Well, but if everybody had gotten it right at the time, in December 2016, then we wouldn't even be here. If they had applied the correct guidelines then, this is not about making more work for the court now, it's that the court should have gotten it right then, and that counsel then was ineffective. It's just all hindsight, it's 2020, I guess. Well, it should have been foresight. Right, I feel a little bit like the district court has made our lives unnecessarily complicated. If the district court had just construed it as a 2255, maybe the district court would have ruled, I don't think you can circumvent what in the guidelines of an ineffective assistance, which not only doubt it, since we had already granted an ineffective assistance motion based on the counsel's failure to raise a guidelines problem. That's correct. And then the district court could have granted it, denied it, I don't know, but we would have had a thing in front of us to look at. I just don't see where the district court did anything except raise some concerns about who might be best situated to represent this defendant on a 2255. But I'm just having trouble getting my hands around what were those are my first questions, why am I even reviewing? That's why the easy thing for this court to do is to just send it back to the district court and say, recharacterize this and consider this under that guise. And if the district court has concerns about our office at that point, it can appoint someone else. But if the court is inclined to have it... I think that's irrelevant, that issue they're talking about is whether you have a conflict or not. I agree with that, but I think it seemed to hang up the district court. You've got to be a lawyer. Absolutely. And that's what happened here. You have an obligation to zealously represent your client. Yes. And so I do want to spend just a moment because one thing the government has argued is that this court could sort of cut the Gordian knot and say that he's not a career offender and therefore all of this is much ado about nothing. And I do want to point out that we've argued certainly at length in the brief and this court does not need to get into this. It would be very easy to just send it back to the district court to consider in the first instance. But the Tenth Circuit has recently held that the retaliation against a witness statute, 1513, is not a predicate under 924C. That case is United States v. Bowen, B-O-W-E-N, and I have the Tenth Circuit case number as 17-1011 and that was decided in September of this year, just a few weeks ago. So for this court to do what the government's asking on that front would create a service split, but it's really not anything that this court has to do. That's something the district court should consider in the first instance. And I suppose that resentencing counsel might even be able to come up with some position of why he didn't object, although I can't imagine one at this point. Because it certainly harmed Mr. Brown that his guideline range, instead of being 100 to 125 months, was 151 to 188 months. That tremendous swing in the guideline was due entirely to the failure to apply the guidelines that were in effect at the time of the sentence. I read the sentencing transcript and it really did seem like everybody was very confused about what was going on and which guidelines they were looking at and at first everyone thought it was the 2016 guidelines and then probation had to explain no it's not, but that's okay because he's a career offender, right? Isn't that basically how it went? Ultimately, but then the ultimate problem was the probation officer eventually did apply the correct drug guideline from the 2016 manual, putting him at base offense level 30 for the amount of drugs. And so that's a situation where the probation officer was essentially applying two books, part 2010 and part 2016, and that's a classic mistake of the one book rule. That's something that should have been a full de novo resentencing. Unless there are any questions at this time, I've reserved some time for rebuttal. Thank you. Mr. Brown. Good morning, Your Honors. Aiden Brown for the government. I think despite some of the atmospheric complexity in this case, this really comes down to pleading standards and whether or not a pro se defendant's motion in this case can be even liberally construed to state in an effective assistance of counsel claim. Before we get to that question, is it your position that the district court, that there's a ruling somewhere that I can look at where the district court said I've looked at this pleading and it cannot be construed as a 2255? Not explicitly, Your Honor, no. I think the district court's order subsequently states again that the petitioner's 3582, but that's the closest it comes to explicitly stating. And all we really know about the reasoning is what the district court said about representation. Yes. So I think the pleading standards for habeas petitioners are relevant here in addition to the scope of liberal construction and how far it can go. You agree that it has to be liberally construed? Absolutely, Your Honor. Pro se, it has to be liberally construed. You agree with that? Yes, Your Honor. But this court has stated that liberal constructions of pro se pleadings have limits. And that, as the en banc court said in Labor v. Harvey, the focus is discerning the litigant's intent from the document. This could not be clearer that he's asking for two offense levels down based on an amendment, 782, and that he wants about 26 months off his sentence and resentencing under a new guideline. Can I ask you a question about intent? Because I know that I've seen lots and lots of presentations period for a 2255 has expired. And it is 100% clear that the petitioner understands that and is very much intending to bring his motion under, say, 60B instead. And we have no difficulty in those cases saying, we don't care what you call it or what you intend, what you wish to do here. This is a 2255. In substance, that's what it is. And so I have a real concern in this case about kind of a one-way ratchet, that in the one case where it would actually help the petitioner vis-a-vis the timeline here to avoid a 2255 time bar, if we would construe this as a 2255 rule, we can't do that. Yes, Your Honor. So two responses. One is, I think the one-way ratchet is statutory. The reason courts are not permitted to consider Rule 60B motions  statutory time limitations. To do that would be an end run around the habeas statute. There's no statute that authorizes the recharacterization of petitions or encourages the court to do so. This was an exercise of federal court's sort of inherent supervisory authority to do so under the right circumstances. The second answer is from Castro, and that's recharacterization can actually have significant adverse consequences for a litigant. And so where the litigant is not intending to subject himself to the successive bar, courts should be very leery to do so willy-nilly. And in this case, the defendant was very clearly raising only a 3582 reduction motion. In fact, the explicit language that references the fact that one of his predicate offenses can no longer be considered as such, the first words of that are, leaving that aside. And then he again assumes when he's asking for resentencing in a new statutory range that he has to leave six, which assumes the career offender enhancement because he would have been in four otherwise. So at the core, I really think this just comes down to the fact that this motion cannot be read as asking for a 2255. There comes a certain point where we say that the district courts have to recharacterize this, recharacterize that, that you're going to potentially do violence to what the plaintiff wants to do. It was perfectly reasonable for the district court to say this man wants his sentence reduced. And that there are post-sentencing developments that entitle him to add or reduce. And that's, if the district court looks at it, that's right at the heartland of 3582. But, you know, there may be, I think Judge Harris raises a good point in that this case is more complicated by half than it needs to be. But even if you get past the question of whether it should have been converted, there are reservations that I have about that in terms of in trying to be paternalistic about pro se pleadings. We reroute them from what they're really trying to get across. That's one problem. But even if you get past that particular problem, where is the 2255 petition going? Is it even is the claim even cognizable under 2255 if it's essentially one for guideline error? And even if you get past that and say no, it's an IEC claim, how is this, what is the IEC claim all about? Is it a failure to raise a long shot proposition to send up a Hail Mary pass on something that wasn't the law at the time the lawyer was functioning? So, you know, this is hurdle after hurdle. It's a high hurdle race here. It's hurdle after hurdle after hurdle. All of which, and each of which, raises questions of its own. Absolutely, Your Honor. I think breaking it down by doctrine, there's probably three buried questions once you even get to whether or not there's a 2255 claim here. The first is the one you- What bothers me about this is that you all are trying to tell the lawyer for this fellow how he's supposed to practice law. And I don't see that the government has any right to do that. Or the judge has any right to do that. His duty, the lawyer, the appointed lawyer, is to zealously represent his client. He can make mistakes. We all have when we practice law. But he has a zealous obligation to represent his client as best he can. And if he does make mistakes, and if he does something wrong, there are avenues of sanctioning. Rule 11 in some proceedings and other things like that. But he has to represent his client as best he can. And you aren't entitled to tell him how to do it. You're not entitled to tell him how to do it. And I think that's what you're trying to do here. I disagree with that, Your Honor. I think that's exactly what you're trying to do here. And I don't like it a bit. Your Honor, if I can clarify, I think what the district court- I think it's an embarrassment to the government. Yes, Your Honor, I understand. That's my view, what you're trying to do in that context, regardless of the merits of anything that's here. If he thinks the 3582 motion at the top is wrong when the pro se guy wrote it up, that it's really a 2255, he's obligated to say so. And if he's wrong when he says so, that'll be rejected by the district court or be rejected up here. We can handle that kind of thing. But he has to represent his client. I agree, Your Honor. I think the government's position in this case is particularly where a motion to convert- I think your position in the case is embarrassing to the government. I understand, Your Honor. If I can clarify, we don't believe we are telling the federal public defender- In the overall context, not the specific context, but in that overall context, that you're trying to tell him how he has to practice law. Your Honor, I don't believe that's what we're doing. It is certainly not our intent. What at issue here is whether or not a lawyer, on a pleading that does not state that it was made in consultation with the defendant and is not signed by the defendant, uses up one of the defendant's rights when the lawyer was not appointed for that purpose. I think that's the concern. That's exactly what I'm saying. You're telling me how he can practice law. That was the concern, I believe, that motivated the district court. Our concern as expressed- The district court's not entitled to tell him how to practice law. Why was that a concern? It seemed to me like the district court's concern was that's not what I appointed you for. I didn't get anything from what the district court said about I'm concerned about him using up his one 2255. If that was his concern, as Judge King said before, he could have talked to him about that. I agree, Your Honor. I apologize. To clarify, the district court's concern was that this was outside the scope of the appointment. And that is literally the only reasoning we have from the district court in this case. Yes, Your Honor. The government's position is that that is a valid concern in light of Castro, that where a litigant's first and only 2255 in most cases can be burned up. District courts are right to be very protective about whether or not this is with the defendant's consent. And where it doesn't appear- Where is the 2255 petition going? Your Honor, so if I can go to my three buckets of where the- I don't know. I don't want to really leave the scope of the appointment. So is the government's position that the defense lawyers, either or both of the defense lawyers, two filings were outside the scope of the representation? Is that the government's position? We have not made that argument, no, Your Honor. I'm asking you, what is your position? No, Your Honor. Did you argue that in your brief? We did not argue that it was outside the scope of the representation. Outside the scope of the order? It is outside the scope of the order. But I thought that you argued that in your brief. It is outside the scope of the order, Your Honor, but I think the statute- Outside the scope of the order. That's what I say. I don't think that's your business. Whether it's outside the scope of the order. He has to do what he has to do. I'm sorry. I just really want to make sure I understand the government's position on just this one question. So you were saying that you think defense counsel acted outside the scope of the order appointing defense counsel? Your Honor, I think when the district court issued the order, they appointed the federal public defender exclusively for a 3582. I do not think the federal public defender did anything improper or violated the law or violated the order. But you think it was not within the scope of the appointed representation to do what the defense lawyer did? Correct. Okay. You don't think this was an ancillary matter appropriate to the proceedings or that it sought to achieve the objective of the defendant? I think it likely is and so to be very clear, I'm distinguishing between what the order said and what the statute authorizes. And he was asked to file an Anders motion too or an Anders designation. And Anders says conjure up something. A plausible argument. Yes, Your Honor. Do the best you can. Do the best you can. The sequence of pleadings here was the public defender. Have you ever had a client? Yes, Your Honor. Other than the United States government? Yes, Your Honor. So you've had living, breathing clients. Yes, Your Honor. That you had to sit down with and talk to and represent? Yes, Your Honor. Okay. Well, you ought to understand this. Yes, Your Honor. I firmly support the federal public defender's ability to zealously advocate on behalf of their client. I think in this case, the district court was right to be concerned about the using up of a pro se litigants 2255 petition on what is essentially meritless grounds. Turning to Judge Wilkinson's question about whether or not the ineffective assistance of counsel claim is going anywhere. Generally, in light of foot and the general view we have of counsel is not required as a matter of performance to raise claims that have at best a long shot at success. I want to know this is more complicated than it needs to be because I don't understand even if it's converted to a 2255, there are all sorts of problems. Where is he going? Yes, Your Honor. I think the threshold question is the one Your Honor raised this morning about whether or not you can wrap a guidelines error in an ineffective assistance of counsel claim. To be perfectly candid, that is not... Was any of this addressed by the district court? No, none of it. Well, we reconsider that now. I don't think you need to at all. I think there is serious questions about whether or not this is even a valid ineffective assistance of counsel claim given the wording of the guidelines at the time this was given at the time of the recent of things. But is the government's position that you cannot raise an ineffective assistance claim in connection with a guidelines error? To be quite honest, Your Honor, I don't know what the government's opinion is on this. That would require us to reverse a huge swath of cases. I would believe so, Your Honor. Off the top of my head, I think there have been guidelines cases, but I can't say with certainty what they are and the scope of them and so forth, so I don't want to take a position. I understand. But even if we get past that threshold issue, counsel was not ineffective here because there was binding guidelines commentary stating that the 924C prior conviction in here was a facial crime of violence and therefore it counts. And counsel wasn't constitutionally ineffective for coming up with the novel challenge at that time. What was the crime in this case? The conviction was a 924C conviction, Your Honor, predicated on witness retaliation in violation of 1513. So, but the way the guidelines works is it treats the 924C as the crime of violence in that context and states very clearly that the only question that you ask is whether or not it was predicated on a crime of violence or a drug trafficking offense, and if it was treated as a crime of violence, you treat it as a crime of violence, and if it was a drug trafficking offense, you treat it as drug trafficking. And the predicated offense was what? Witness retaliation. Which some circuit recently held is not a crime of violence. Yes, the 10th Circuit. So I don't understand how the commentary helps because now it's predicated on a crime that is not a crime of violence. There's two answers, Your Honor. One is that the commentary is binding, so if the commission wants to establish all 924C crimes as crimes of violence for purposes of the career offender statute, that's fine, even if they wouldn't otherwise satisfy the criterion. And the second answer is that with the 924C on top of the predicate, you have the additional elements, which is the use, discharge, or brandishing of a firearm in conjunction with that predicate. And so it's perfectly reasonable for the Guidelines Commission to say, when you're using a firearm to commit this predicate offense, then it is a crime of violence. The analogy would be this Court's holding that while simple assault isn't a predicate crime of violence, aggravated assault with the use of a deadly weapon is. I'm sorry because I really do not remember the details. The main concern was that the residual clause had been eliminated in the 2016 Guideline, and nobody mentioned that. Correct, Your Honor. Because it's still a crime of violence under this commentary, and we assume anchored to the force clause. Correct. Okay. So essentially when the commission excised the residual clause, they left in place the binding commentary on 924C offenses. But this isn't a case about sort of a subsequent development that was or was not anticipated. The claim is the residual clause is gone, and my lawyer really ought to have mentioned that to the judge, and let the judge figure out whether or not we can bring this one in some other way. Yes, and I think that would be a wholly novel claim at that point. That it couldn't come in some other way. There's nothing novel about the claim that it looks like my guy was sentenced under the residual. That this used to be a crime of violence under the residual clause, and the residual clause is gone. There's nothing novel about that. That would not be the novel argument, Your Honor, but the novel argument is that the Guidelines still continue to state it binding, and so I think it would be a reach. The Guidelines commentary continue to characterize all 924C crimes as either crimes of violence or drug trafficking based on the predicate, and therefore But you keep saying based on the predicate. I think I read the commentary differently, but sort of my big point is I don't want to be in the weeds of this. Let the district court do this. And I think the helpful color background behind this is what defendant would essentially be trying to do in this context is collaterally attack the predicate of his 924C conviction, which you There's a whole mess of issues, which is why I think the Guidelines treat it as sort of this blanket. If the 924C is valid and its predicate was a crime of violence, we treat it as a crime of violence. I think the other way to do it was you go back and you collaterally attack the prior 924C and then come in and ask for a resentencing based on the fact that your prior conviction has now been vacated. So that's about 17 steps down the process that I don't think this court needs to reach. Just to return, I think this case really can be decided on whether or not the pro se motion does in fact state an ineffective assistance of counsel claims. And I think even a liberal construction doesn't get you that far. If the court has no further questions, we will rest on our briefing. Thank you, sir. Thank you, Your Honor. There's just a couple of very brief points. Taking the last thing first with regard to the Guidelines commentary. Again, I don't want to spend a lot of time in the weeds with this either, but the Guidelines commentary does not make all 924Cs crimes of violence, because the definition of crime of violence   is different in the Guidelines than it is in 924C. The Guidelines require a threat or an injury against the person. 924C allows a threat to injure property. And if the Commission wanted all 924Cs to count, it would have said so. But in fact, what it said is if it does qualify as a crime of violence under the Guidelines definition, then it counts. So there are offenses that can count as 924Cs under 924C's crime of violence definition that do not count under the Guidelines crime of violence definition, which is also the same thing with drugs. So the drug trafficking offense and controlled substance offense have different definitions in the statute and the Guidelines. That's our precise argument about 924C. The other thing I want to point out is that... When we're talking about lawyers here and practicing law, those standards for the competence problem are especially, you have to be well below the norm and the average standards of performance for an attorney. What's happening with these IEC claims is we're using counsel as a sort of pinata in trying to do all sorts of things. First, it's become an omnibus claim to circumvent procedural bars. And second of all, the opinion in Strickland and in many courts, if construed, which is that the performance problem in Strickland, a violation of that requires an error of counsel that is well below the norm. And that's what it says. And you can say, well, he should have or he shouldn't have raised that. But when you match that up against the language of Strickland, this is this IEC claim and it's being watered down now to say that any kind of mistake that we can second guess, in hindsight, is deficient performance. That's what's happening. If the district court thinks we can't satisfy Strickland, then we'll refer the court to the 2017 Carthorne decision, Carthorne 2, which it says it's very similar that if an issue is clearly presented by existing law. And the real problem here is that everybody missed it at the 2016 sentencing, the judge, the probation officer, the prosecutor, and the defense attorney. And Mr. Brown is the only one who's suffering from that. And if the government's concerned about sort of a paternalistic concern that we're somehow taking away Mr. Brown's chance for a 2255, that's exactly what Castro says, to give him a warning and to notify him of that and then allow him to go in with full knowledge of the consequences. And the last point I'll make is, all that we're asking for is the standard that the Supreme Court set out in Gonzalez v. Crosby, which deals with recharacterization, and that case was a 60B, although, interestingly enough, the petitioner in that case titled his motion a 59E, and the court said well, in fact, it was really a 60B, but said that what the courts need to be concerned about is substance over form. And the substance, if the substance of what the person is trying to do is to attack the underlying conviction or sentence, then it is in substance and in effect a 2255 claim, and that's what was happening here, and we think it was adequately presented, or at least that the judge should be required to make that consideration, if there are no further questions. Thank you very much. We thank you, sir. We'll come down and recounsel and move into our final case.
judges: J. Harvie Wilkinson III, Robert B. King, Pamela A. Harris